## HARRINGTON v. CHAVEZ.

### SYLLABUS BY THE COURT.

1. Actual, exclusive possession of real estate is sufficient to enable the person in possession to maintain trespass against a stranger.                                                P. 69

2. In proper cases, where the other necessary elements of equitable jurisdiction are present, injunction will lie to restrain a live stock owner from willfully or knowingly driving or turning his stock upon the premises of a prior owner.
P. 70

3. The appellate court will not review the evidence further than to determine whether or not there was substantial evidence supporting the finding or verdict.                    P. 70

Appeal from District Court, Bernalillo County; Hickey, Judge.

Suit by Virgil P. Harrington against Gabriel Chavez. From a judgment for plaintiff, defendant appeals. Affirmed.

Rodey & Rodey, of Albuquerque, for appellant.

Marron & Wood, of Albuquerque, for appellee.

OPINION OF THE COURT.

ROBERTS, C. J.   Appellee had possession of the tract of land known as the Antonio Sedillo grant, situated in Bernalillo and Valencia counties, this state.   He filed a complaint in equity against the appellant to restrain him from grazing his sheep on said tract of land, and alleged that appellant had willfully, purposely, and knowingly theretofore driven some 1,600 head of sheep onto said land for the purpose of grazing thereon, and, unless restrained, would continue to do so; that the damage committed by said grazing was irreparable because of the inability on the part of the appellee to procure feed or grazing for his cattle to replace that which was destroyed by the appellant.   The appellee held said land under a lease which expired on the 1st day of May, 1919.   The suit was filed on March 31, 1919.

A temporary injunction was asked and granted and the case did not come on for final hearing until May, after the expiration of appellee's lease.   The court found that the temporary injunction had been rightfully issued, but did not make the injunction permanent because of the fact that appellee's lease had expired.   Damages in the sum of $2,000 were awarded appellee for the depasturing of his lands by appellant's sheep.   From this judgment the appeal is prosecuted.

Twelve errors are assigned, but from the argument of the appellant the points really made are:

First, that appellee had no such rights in the property as would authorize him to sue for damages or protect such rights by injunction.   The argument advanced to sustain this contention is that appellee

had only limited or qualified possession, and consequently did not have the right to recover damages for the depasturing of the land, or to enjoin threatened trespasses thereon.

The court found by its first finding that the appellee was in possession of the land in question, and that this finding was justified by the evidence is not seriously disputed. In fact, the objection made to this finding by the appellant in the court below was not based upon the fact that appellee was not in possession, or that the evidence failed to show that he had possession of the land, but went only to the fact that he was not entitled to the possession.

[1]    The rule is thus stated in 26 R. C. L. p. 956:

"Actual exclusive possession of real estate is always sufficient to enable the person in possession to maintain trespass against a stranger. Even a person who has acquired possession illegally may maintain trespass against any one who unlawfully disturbs his possession."

And in 28 Am. & Eng. Encyc. of Law, p. 573, it is said:

"Where actual possession is sufficient to maintain trespass against mere tort-feasors, and a mere intruder cannot, plaintiff's possession being admitted or proven, show want of title in him, nor can he put the plaintiff on proof of his title. Bare possession is always sufficient to maintain trespass against one unable to show a better title than plaintiff."

See, also, 38 Cyc. 1017.

In the case of Harris v. Keehn, 25 N. M. 447, 184 Pac. 527, 7 A. L. R. 1099, this court sustained the right of a tenant in possession under an unexpired lease to recover damages from one who disturbed or deprived him of such possession.

The appellee, being in possession of the premises, had a right to recover damages for the depasturing of the land while he had such possession and to restrain future trespasses thereon; the necessary elements of equity jurisdiction being present.

[2]   "In proper cases, where the other necessary elements of equitable jurisdiction are present, injunction will lie to restrain a live stock owner from willfully or knowingly driving or turning his stock upon the unenclosed premises of a private owner."

This was the holding in the case of Hill v. Winkler, 21 N. M. 5, 151 Pac. 1014, following the case of Light v. U. S., 220 U. S. 523, 31 Sup. Ct. 485, 55 L. Ed. 570, and the allegations of the complaint in this case entitling the appellee to equitable relief were well within the rule announced in the above cases.

[3]   And, secondly, as to whether the evidence in the case warranted the judgment.   The evidence is conceded by appellant to be conflicting, but he argues that the weight of the evidence was against the right to recover.   He further contends that the rule so long established, and so consistently adhered to that the appellate court will not review the evidence further than to determine whether or not there was substantial evidence supporting the finding or verdict, is erroneous and should not be followed.   Notwithstanding the able argument advanced by the appellant, we are satisfied that the rule which prevails is correct, and must decline to depart therefrom.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.