## CORMAN et al. v. CREE.
### No. 1689.

Circuit Court of Appeals, Tenth Circuit.
Dec. 19, 1938.

Lake J. Frazier, of Roswell, N. M., for appellants.

Carl H. Gilbert and M. W. Hamilton, both of Santa Fé, N. M., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Gerald Edward Cree brought this suit against R. W. Corman and Lulu K. Corman to quiet the title to a tract of land situated in Lincoln County, New Mexico, under the provisions of Section 105-2001, N.M.Supp.1938. In his complaint plaintiff alleged that the defendants "make some claim adverse to the plaintiff's * * * title and estate in and to said land."

In her answer Lulu K. Corman denied the jurisdictional facts, denied plaintiff's claim of title, and alleged "that she does not, and never had made any claim to" the land. She prayed for dismissal of the action and for general relief.

In his answer R. W. Corman denied plaintiff's claim of title and admitted the allegations of the complaint with respect to the adverse claim made by him.

The proof established that the title to the land was vested in James Edward Cree at the time of his death; that it passed to his two sons, the plaintiff and his brother, Charles M. Cree; that Charles M. Cree conveyed all his right, title, and interest therein to plaintiff. It established

further that R. W. Corman caused to be recorded in book 4 of miscellaneous deed records of Lincoln County on August 26, 1936, an affidavit duly sworn to but not acknowledged in which he made claim to a life interest in the land through a contract of joint adventure with James Edward Cree.

At the trial R. W. Corman testified that in 1924 he and James Edward Cree entered into an oral contract of joint adventure whereby he was to maintain a campground on the land and divide the net profits equally with James Edward Cree; that the contract was for a period of five years and was renewable at his option for additional periods of five years; that James Edward Cree sold 120 acres of the land upon which the camp site was located; that Corman abandoned the camp site in 1933; that there had not been any patronage for three years prior thereto; that he had not been in possession since 1931; and that he claimed a life interest in the land.

The trial court found the requisite jurisdictional facts; that plaintiff was the owner of the land; and that prior to the filing of the suit the defendants made adverse claims to the land. It entered its decree quieting the title as against the defendants.

Lulu K. Corman contends that her answer was a disclaimer and that under Section 105-2007, N.M.Stat.1929, she was entitled to a decree dismissing the action as to her and awarding her costs. Lulu K. Corman, however, did not file a simple disclaimer. She denied the jurisdictional facts, denied plaintiff's title, and prayed for general relief. Furthermore, her husband asserted a claim to a life interest in the land. Since his asserted claim was acquired during coverture it was community property, and Lulu K. Corman had a present vested interest therein equal to that of her husband. Baca v. Village, 30 N.M. 541, 240 P. 803, 805; Beals v. Ares, 25 N.M. 459, 185 P. 780, 789, 790.

Counsel for defendants contends that the affidavit not being acknowledged was not entitled to record and did not constitute a cloud on plaintiff's title. Under Section 105-2001, supra, anyone claiming title to real estate may maintain a suit to quiet title, whether in or out of possession, against any person or persons claiming title thereto.

Section 105-2002, N.M.Supp.1938, in part provides:

"Plaintiff must file his complaint * * * averring that he is credibly informed and believes that the defendant makes some claim adverse to the estate of the plaintiff. * * * Any and all persons whom the plaintiff alleges in his complaint he is informed and believes make claim adverse to the estate of the plaintiff * * * may be made parties defendant."

The statutory action is not limited to the removal of mere clouds on title. It embraces any claim of interest in the land adverse to the plaintiff. Nichols v. Nichols, 8 Cir., 20 F.2d 474. R. W. Corman pleaded and undertook to prove a claim of interest in the land adverse to the plaintiff.

Finally, counsel for defendants contends that plaintiff being out of possession could not maintain the suit. It is well settled that, under such statutes, a plaintiff out of possession may maintain in the federal courts a suit to quiet title against a defendant out of possession. Holland v. Challen, 110 U.S. 15, 3 S.Ct. 495, 28 L.Ed. 52; Dick v. Foraker, 155 U.S. 404, 415, 15 S.Ct. 124, 39 L.Ed. 201; Lawson v. United States Mining Co., 207 U.S. 1, 9, 28 S.Ct. 15, 52 L.Ed. 65; Maury v. Jones, 9 Cir., 25 F.2d 412.

The decree is affirmed.