Submitted on brief of appellant December 8, reversed
December 22, 1954

## LEHRMAN *v.* LEHRMAN ET AL.

278 P. 2d 139

*George H. Brewster,* Redmond, filed a brief for appellant.

No appearance for respondents.

PER CURIAM.

This is a declaratory judgment proceeding involving a construction, reformation and specific performance of a divorce settlement agreement between Elsie L. Lehrman and her ex-husband Vearl T. Lehrman. Defendant's sister, Irma Christian, after the divorce decree was entered, obtained a deed to the whole of the real property in question from the husband without consideration. After trial the complaint was dismissed. Plaintiff appeals.

The agreement is as follows:

"THIS AGREEMENT, made and entered into this —— day of June, 1952, between ELSIE L. LEHRMAN, hereinafter referred to as the plaintiff, and VEARL T. LEHRMAN, hereinafter referred to as the defendant, WITNESSETH:

"WHEREAS, the plaintiff and the defendant, being husband and wife, have heretofore separated, and

"WHEREAS, the plaintiff has filed suit for divorce against the defendant charging the defendant with cruel and inhuman treatment, and

"WHEREAS, the parties hereto are the owners of certain real and personal property located in Carroll Acres, Bend, Oregon which personal property includes a certain wood manufacturing business, and

"WHEREAS, said real property and the business thereon located have substantial value, and

"WHEREAS, with a view to determining and solving their respective property rights only, the plaintiff and the defendant desire to enter into this agreement as is hereafter expressed.

"IT IS AGREED that the plaintiff shall be given the immediate possession of the above mentioned premises and shall have the sole right to live thereon and to operate the wood working business. The plaintiff shall assume all obligations of the parties hereto connected with said business and shall be entitled to draw a salary from said business of TWO HUNDRED FIFTY ($250.00) DOLLARS per month. After said salary has been deducted and the necessary business expenses paid, the plaintiff and the defendant will divide the proceeds equally. The plaintiff further agrees to keep accurate books of account and to turn said books and all other receipts, bills, invoices, etc., over to a competent accountant in order that said accountant may render a profit and loss statement at the end of each month to which both the plaintiff and the defendant shall be entitled.

"IT IS UNDERSTOOD between the parties that this arrangement is being put into effect for the purpose of continuing the operation of said business only until such time as it may be possible to sell the business. In the event of such a sale, the necessary obligations of the business will be paid first, including that certain first mortgage on said premises to SAM BOYCE of Wagontire, Oregon, in the amount of THREE THOUSAND FIVE HUNDRED ($3,500.00) DOLLARS, and that, thereafter, the plaintiff and the defendant will divide the proceeds of said sale equally.

"IT IS FURTHER AGREED that the plaintiff now has possession of said premises, tools, equipment, stock in trade, materials, and other things necessary to the operation of said wood working business, but that the defendant has diverted the mail directed to the said business and has required the post office to withhold delivery thereof. The defendant agrees to immediately deliver to the plaintiff all of said mail and the 1938 Ford Truck.

"IT IS FURTHER AGREED that since the plaintiff has possession of the business and has had for some time, she will give to the defendant for the purpose of aiding him in obtaining other employment the sum of ONE HUNDRED FIFTY ($150.00) DOLLARS upon the execution, and the sum of ONE HUNDRED ($100.00) DOLLARS on the 13th day of July, 1952.

"IT IS FURTHER AGREED BETWEEN the parties that the defendant shall have the right to remove all of his personal affects from said premises, but under no circumstances is he to remove any of the necessary tools, equipment, stock in trade, or materials necessary to the operation of said business.

"IT IS FURTHER AGREED between the parties that the above shall be in full settlement of all alimony, further maintenance and support, counsel fees and court costs, and each party hereby releases the other from any right, title or interest to said property of the parties other than in accordance with this agreement, but this agreement shall in no way constitute an agreement for divorce.

"IT IS FURTHER AGREED between the parties that this agreement shall be submitted in evidence to the Court in the event of a trial for divorce.

"Elsie L. Lehrman          Vearl T. Lehrman

"Dated this 13 day of June, 1952."

At the time of the execution of the agreement title to the real property reposed in Vearl T. Lehrman.

It is claimed that through a mutual mistake occasioned by dereliction on the part of the scrivener the agreement did not set out the oral agreement of the parties concerning the real property in question in this, that the parties had agreed that plaintiff should have a one-half interest in the following described real property, to wit:

> "That part of the Original Tract 24, Reed Highway Acreage, West of the C.O.I. canal and East of The Dalles-California Highway (1925 location) and Southwesterly of The Dalles-California Highway (1916 location) containing 1.2 acres, more or less."

and that said real property as well as the business referred to in the agreement should be sold and the proceeds of the sale divided as provided for.

At the trial the respective attorneys of the parties in the divorce proceeding and plaintiff testified that the oral agreement as claimed by plaintiff was the true agreement of the parties. The only evidence on this matter contra was that of the defendant Vearl T. Lehrman who had been convicted of a felony and sentenced to five years in the penitentiary. The task of reducing the agreement to writing was left to defendant's attorney. He testified that he had just been admitted to the bar at the time of the divorce case and that he was of the opinion that the real property in question was in the names of both parties and through his lack of experience he reduced the agreement to writing without giving the matter the close attention that it required.

It is conceded that the parties had no contact with each other in the drawing up of the agreement but that the matter was left entirely in the hands of the attorneys.

The evidence discloses that plaintiff was in possession of the real property at the time of the divorce and has remained therein continuously up to the present time, that she put her earnings into the improvements on the property and that she even did manual labor in the construction of the building located thereon. The evidence shows that the only real property owned by the parties in Carroll Acres, Bend, Oregon, was the property hereinbefore definitely described.

It appears from the testimony, which defendant Lehrman admits, that while a property settlement was being discussed he offered to pay plaintiff $10,000 for her interest in the real property and business. He admits that he read the agreement, wherein it was stated that the parties owned the real property in question, prior to signing.

It is evident from a reading of the transcript of testimony that the woodworking business was not very profitable and that plaintiff was unable to realize from its operation the $250.00 a month which she was supposed to collected for her services. It is quite obvious that the $3,500.00 mortgage on the real property could not be satisfied out of the sale of the business alone. This fact supports plaintiff's claim of mistake in respect to the sale of the real property as well as the business.

Defendant Irma Christian, sister of defendant Vearl T. Lehrman, did not testify at the trial nor did he give testimony concerning the deed to her. It is the law that a transfer of property to a near relative made by a grantor to avoid some duty or debt creates a presumption of fraud requiring the grantee to come forth with proof showing that the conveyance was made bona fide for a valuable, adequate consideration. *Branchfield, Trustee v. McCulley et al.*, 192 Or 270,

277, 231 P2d 771, 235 P2d 334; *Evans v. Trude,* 193 Or 648, 654, 240 P2d 940. Plaintiff being in possession of the real property in question and no showing having been made as to the bona fides of the transfer of the real property, Irma Christian stood in no better position than her brother with reference to plaintiff's right to reformation and enforcement of the contract. *Collins v. Heckart et al.,* 127 Or 34, 270 P 907; *Security S. & T. Co. v. Portland F. M. Co.,* 124 Or 276, 302, 261 P 432.

Reformation is an extraordinary equitable remedy, and in scrutinizing a contract sought to be reformed equitable and inequitable features must be considered. *Dolph v. Lennon's, Inc., et al.,* 109 Or 336, 355, 220 P 161. To permit defendant to prevail in this case would be to disregard the conclusive credible evidence and the strong equities in favor of plaintiff.

Plaintiff is entitled to the relief prayed for. The decree will be reversed with instructions to the trial court to direct the sale of the real property and the business located thereon, the proceeds thereof to be divided, after expenses of sale, in conformity with the contract. Plaintiff to recover costs and disbursements in both courts.