Carroll,
No. 5534.

KENNETT CORPORATION

*v.*

PONDWOOD, INC.

Argued October 5, 1966.
Decided February 24, 1967.

*Hastings & Son ( Mr. Peter G. Hastings* orally ), for the plaintiff.

*Greene & Greene* and *McLane, Carleton, Graf, Greene & Brown* and *Jack B. Middleton ( Mr. Middleton* orally ), for the defendant.

LAMPRON, J. The Trial Court stated in its decree that it " did not find fraud or mistake. " The oral testimony presented to the Trial Court was not transferred to this court. The record before us consists of the pleadings, certain agreed facts, the parties' requests for findings and rulings, the Court's decree, and exhibits consisting of an aerial map, a line drawing of the locus, two abstracts showing the chains of the title of each party as shown by recorded deeds and copies of certain other recorded deeds introduced by the defendant.

The meaning and legal effect of the deeds relied on by the parties is a question to be determined by this court. *Hogan* v. *Lebel*, 95 N. H. 95, 97; *Goodwin* v. *Johnson*, 105 N. H. 294, 296. The issue in this case is what the deeds mean. "The boundary is doubtful only because the meaning of the language of the deed is doubtful, and the problem is not how or where to establish bounds answering the calls of the deed but to say what the calls of the deed are." *Smart* v. *Huckins*, 82 N. H. 342, 347.

The plaintiff bases its claim of the locus in dispute on a deed to it by Frank E. and Robert H. Kennett, heirs of A. Crosby Kennett, dated April 19, 1962 which conveys among other properties the following: "Parcel 2; A certain parcel of land in the said Town of Madison, more fully described in a deed from Haven A. Quint to A. Crosby Kennett, dated February 19, 1912, recorded at said Carroll County Registry of Deeds Book 141, Page 142. Said Parcel 2 is conveyed subject to encumbrances of record, if any."

The description of the premises conveyed by the above Quint deed to A. Crosby Kennett is as follows:

"A certain tract or parcel of land situate in the town of Madison . . . bounded and described as follows, to wit: Beginning at a stone bound marking the North-west corner of the lot herein conveyed and the Northeast corner of land of Nathaniel I. Churchill; thence, Southerly to a stone bound on the shore of the Pond; thence, Easterly by the shore of the pond to the land of George Allard; thence, Northerly to a corner, being the extreme North-east corner of lot herein conveyed; thence, Westerly to a bound, marking a south-west corner of a lot herein conveyed, being South-east corner of land of John S. Banfill and Willis A. Banfill; thence, Westerly on said Banfill South line to bound begun at." The lot of land by which the plaintiff claims title to the locus in dispute is thus bounded on the west by land of Nathaniel I. Churchill.

The defendant bases its claim to the property in dispute on its deed from Jeffrey L. and Ora M. Noyes dated March 7, 1963 which conveyed "All the same property conveyed to us by warranty deed of Ruth M. Long dated January 12, 1959 and recorded in Carroll County Registry of Deeds, Book 333, Page 486." Certain excepted tracts described therein do not bear directly on the issues and are omitted.

Ruth M. Long conveyed the same premises which her

predecessor in title Winfield E. Nickerson obtained in a deed of Frank E. Kennett, administrator of the estate of A. C. Kennett on April 21, 1921 which described the premises as follows:

" A certain tract of land with the buildings thereon, situated in Madison, New Hampshire, bounded on the North by land of said grantor, East by the town line between Madison and Conway, South by land formerly owned by C. W. *Banfield* and *Peaporridge* Pond, West by land formerly of L. E. Chamberlain and others, known as the George Allard Farm. " A deed of the heirs of A. C. Kennett to Nickerson dated August 7, 1941 contained a similar description. The lot of land by which the defendant claims title to the locus in dispute was thus described as " the George Allard Farm " and was described as bounded on the west by land formerly of L. E. Chamberlain.

Summarizing at this point both parties claim through the same common owner A. C. Kennett or A. Crosby Kennett. Both properties are bounded on the south by the pond which is Pea Porridge Pond. Plaintiff claims property bounded on the east by the George Allard Farm. Defendant's premises are bounded on the east by the town line between Madison and Conway. The property claimed by plaintiff is bounded on the west by land of Nathaniel I. Churchill, that of the defendant by land of L. E. Chamberlain.

The common owner A. C. Kennett obtained title to the Quint lot, through which plaintiff claims, by deed of Haven Quint in 1912. The premises were described as marked by a stone bound at their northwest corner which was also the northeast corner of land of Nathaniel I. Churchill. The southwest corner was marked by a stone bound on the shore of the pond and went easterly by the shore of the pond to the land of George Allard. Essentially Kennett became the owner of a tract of land bounded west by Churchill, south by the pond and east by Allard.

This Quint lot which he acquired was the eastern portion of a 120-acre tract of which the western 75 acres had been conveyed through a chain of successive owners to Lewis E. Chamberlain and by him to Nathaniel I. Churchill. Consequently the land which abutted the Quint lot on the west had been owned by both Lewis E. Chamberlain and Nathaniel I. Churchill. In other words the Chamberlain and Churchill land abutting the Quint lot on the west was one and the same land.

A. C. Kennett also owned the George Allard farm which abutted the Quint lot on the east. He acquired ownership by various deeds dating back to 1916 and 1917 from the heirs of Elizabeth Allard and others. The east line of these premises was the town line between Conway and Madison, the south line was on land of C. W. Banfill and Pea Porridge Pond and in one deed to Elizabeth Allard the west line was described as land of Lewis E. Chamberlain.

Consequently in 1921 when defendant's predecessor in title Winfield E. Nickerson received his conveyance, the estate of A. C. Kennett owned land which was bounded on the west by the Chamberlain-Churchill land, on the south by land of C. W. Banfill and Pea Porridge Pond and on the east by the town line between Conway and Madison. On April 21, 1921 Frank E. Kennett as administrator of the estate of A. C. Kennett conveyed all its right, title and interest into the following premises to Winfield E. Nickerson, predecessor in title to the defendant Pondwood, Inc., viz:

" A certain tract of land with the buildings thereon, situated in Madison, New Hampshire, bounded on the North by land of said grantor, East by the town line between Madison and Conway, South by land formerly of C. W. *Banfield* and *Pea Porridge* Pond, West by land formerly of L. E. Chamberlain and others, known as the George Allard farm. " In 1941 the heirs of A. C. Kennett conveyed their interest to the same grantee by a similar description.

Where land is described by reference to an abutting land and the abutting lines can be accurately determined, the line of the adjacent tract becomes a monument. 6 Thompson, Real Property, *s.* 3032, *p.* 500. In this case the Quint lot owned by A. C. Kennett had a stone bound marking its northwest corner and the northeast corner of the Churchill land and a stone bound at its southwest corner on Pea Porridge Pond. We hold that this conveyance of land described as having the L. E. Chamberlain land adjoining it on the west, which we have concluded is the same as the Nathaniel I. Churchill land, was a conveyance to an accurately determinable abutting line making it a monument and conveying the land owned by the estate of A. C. Kennett up to the Chamberlain-Churchill adjoining land on the west. *Cunningham* v. *Curtis*, 57 N. H. 157, 159. As this conveyance included the

Quint lot, through the later conveyance of which the plaintiff claims the locus in dispute and on which the Trial Court's decree was based, the decree must be vacated.

The fact that the land conveyed by the administrator and the heirs of A. C. Kennett to plaintiff's predecessor in title is referred to as the George Allard farm in the deeds does not nullify the definite reference therein to the Chamberlain land on the west. Furthermore any uncertainty created thereby must be resolved against the grantors. *Morton* v. *State*, 104 N. H. 134, 143.

This is not a question of estoppel as maintained by the plaintiff but rather an attempt by grantors who have already divested themselves of the title to certain premises to convey them to the plaintiff. We hold that the defendant and not the plaintiff is the owner of the Quint lot and the disputed area.

*Decree vacated.*

KENISON, C. J., took no part in the consideration or decision of this case; the others concurred.