494 P.2d 950

**Nick CHOURNOS, Plaintiff and Appellant,**

v.

**Richard M. ALKEMA et al., Defendants and Respondents.**

**No. 12343.**

Supreme Court of Utah.

Feb. 29, 1972.

323 P.2d 261; Kennecott Copper Corp. v. City of Bingham Canyon, 18 Utah 2d 60, 415 P.2d 209.

Milton A. Oman, Salt Lake City, for plaintiff and appellant.

Richard L. Stine, Ogden, for defendants and respondents.

CALLISTER, Chief Justice.

Plaintiff initiated this action, alleging that he was the owner of 10,000 acres of range and grazing lands in Cache and Rich Counties, including Township 9 North, Range 5 East, and that defendants had trespassed over these lands on horseback, by vehicle, and on foot. He asserted that defendants, although requested, declined to cease these acts of trespass, and that they would so continue unless restrained by the court. Plaintiff alleged that the acts of defendants had disturbed his livestock operations and that he had sustained damages in the sum of $1,500. Plaintiff further sought exemplary damages in the sum of $1,000, and an order permanently enjoining defendants from committing further acts of trespass upon his property.

In their answer, defendants denied the trespass, and as an affirmative defense, asserted that there existed a certain road which extended southerly from State Highway U–39 across Section 29, Township 9 North, Range 5 East to lands owned by defendants in this section. Defendants asserted that they had a right to use this road for access to their property under the doctrine of implied easement. Defendants pleaded as an alternative that they had a prescriptive right based on use of the road openly, notoriously, and adversely for a period of twenty or more years. As a further alternative, defendants asserted that the road had been used by the public to proceed to the National Forest near Zeke Hollow for a period of ten years and had acquired the status of a highway.

Upon trial before the court, a judgment was rendered enjoining defendants from

entering plaintiff's land except upon the road extending from Highway U-39 to defendants' parcel. At the time of trial plaintiff interjected the issue, to which the defendants did not make an objection that defendants had constructed a cabin upon plaintiff's land. The trial court found that the cabin was located on the land owned by defendants.

On appeal, plaintiff contends that the trial court erred in its determination that defendants had a right to use the road across plaintiff's land and that defendants' cabin was situated on their property.

At the trial, plaintiff stipulated that defendants were the fee title owners of a parcel of land commencing at the Southwest corner of Section 29, thence east 4 rods, thence north 50 rods, thence west 4 rods, thence south 50 rods to the place of beginning. Plaintiff asserted that defendants utilized the wrong boundary marker to locate their parcel and thus erected their cabin on plaintiff's land.

Plaintiff's sole ground to support his allegation of trespass concerning the cabin was the existence of two government markers located approximately seventy feet apart. The easterly one is dated 1914, and designates the four sections corners, 29, 30, 31, 32. The westerly one dated 1924 designates 3 tract numbers and Section 31. Plaintiff asserts that defendants' use of the 1924 marker was erroneous.

Defendants' grantor was LeRoy Shelby, who homesteaded Section 31 in 1930 and received his patent six or seven years later. Some people named Fraziers owned Sections 32 and 80 acres in the southwest corner of Section 29. Shelby with Fraziers' permission and encouragement constructed a road in 1934 which extended from the highway through a corner of Section 29 and up between the Section line of 31–32 to Shelby's cabin in Section 31. In 1943, Fraziers conveyed to Shelby the 4 by 50 rod parcel in the corner of Section 29, which defendants now own. Shelby needed this tract to hold and water cattle; after acquisition he fenced this parcel and used it for this purpose. He built his fences in line with the 1924 marker because it lined up with his holdings in Section 31; the Fraziers who still owned the remainder of the 80 acres in Section 29 never protested the boundaries. Shelby used the road he had constructed to haul cattle in and out of the fenced tract as well as to travel to his cabin in Section 31. Shelby conveyed the parcel in Section 29 to defendants in 1964; he informed them to use the 1924 marker as the corner of the section, and they constructed their cabin accordingly. Chournos acquired the remaining property in Section 29 from Fraziers in 1963; he had acquired Section 32 from them in 1938.

Based on the foregoing, the trial court found that plaintiff had failed by a preponderance of the evidence to show that

the cabin should be other than where it was located; that the boundary was in accord with the line as observed over the years by defendants' predecessor in interest Shelby; that there was no evidence that anyone had ever asserted a contrary line prior to plaintiff's commencement of this action. The trial court further found that plaintiff had failed by a preponderance of the evidence to show which marker should be used to locate defendants' land; and, in fact, a Government survey map indicated the tract corners and section corners to be the same.

On appeal plaintiff cites certain abstract principles of law and asserts that the 1914 marker must prevail as the location of defendants' boundary. Plaintiff's action was in trespass. The gist of an action in trespass to real property is the injury to the right of possession; to maintain the action, the plaintiff must, at the time of the trespass, have been in actual or constructive possession of the land on which the acts of trespass were committed.[1]

The evidence indicates that defendants and their predecessor in interest, Shelby, have had ownership and possession of this tract since 1943. Such circumstances negative the superior right to possession which plaintiff must prove to prevail in the instant action.

The trial court further determined that defendants had an easement across plaintiff's property in Section 29 to their tract located therein. The trial court found two alternative grounds upon which to support its determination, first, an easement by implication, second, a prescriptive easement.

The trial court found that in 1943 when Shelby acquired the tract from Fraziers, there was no other access to the strip; the road across Fraziers' property was apparent, obvious, and visible; Shelby used the road for access to the strip where he held and watered his cattle. The trial court further found that upon severance of the strip by Fraziers' conveyance to Shelby in 1943, with Fraziers' retaining the balance of their holdings in the southwest quarter of Section 29, there was created an easement by implication with respect to the use of the road in favor of the tract severed. Such easement was appurtenant thereto, and defendants acquired their rights to the easement at the time Shelby conveyed the parcel by warranty deed to them.

The findings of the trial court comport with the requirements set forth to establish an easement by implication, namely, (1) unity of title followed by severance; (2) at the time of severance the servitude was apparent, obvious and visible; (3) the easement was reasonably necessary to the enjoyment of the dominant estate; and (4)

1. 52 Am.Jur., Trespass, § 25, p. 845; Papadopulos v. Defabrizio, 102 Utah 84, 88, 125 P.2d 416 (1942).

the use of the easement must be continuous as distinguished from one used from time to time when the occasion arises.[2]

Plaintiff, on appeal, does not challenge the determination that defendants have an easement appurtenant; apparently he concedes this matter. His concern focuses on the finding that defendants had acquired a prescriptive right by the use of the public generally of this road for access to the Sugar Pine area and the National Forest for a period in excess of twenty years. Plaintiff assumes that this finding and the judgment created a public highway in accordance with § 27–12–89, U.C.A., 1953. A review of the findings and the judgment reveal that the trial court decreed only a private way in favor of defendants. (It should be observed that no determination regarding the road beyond the defendants' property as it extends towards Sugar Pine and the forest, could be made, as the owners of the property were not before the court.)

The trial court erred in so far as it found a prescriptive right in defendants based upon public use. A prescriptive right was originally based upon the theory of a grant implied from long user, and it runs to the individual and not to the public.[3] One cannot claim a right of way as a *private one* by showing that it has been used by the public; he must show user by himself or his predecessors of the way to his own lot.

While a public road may be so established, the use by individual persons in common with the public generally is regarded as permissive, and by such common use no individual person can acquire a right by prescription as against the owner of the fee . . . [4]

The judgment of the trial court is affirmed with the aforementioned exception. Costs are awarded to defendants.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

2. Watkins v. Simonds, 11 Utah 2d 46, 50, 354 P.2d 852 (1960).

3. Bertolina v. Frates, 89 Utah 238, 243, 57 P.2d 346 (1936).

4. Thornley Land and Livestock Co. v. Morgan Bros. Land and Livestock Co., 81 Utah 317, 319, 17 P.2d 826, 827 (1932).