586 P.2d 1083

**Eloy ESQUIBEL and Mary L. Esquibel, Plaintiffs-Appellants,**

v.

**Dan M. HALLMARK et al., Defendants-Appellees.**

**No. 11474.**

Supreme Court of New Mexico.

Oct. 24, 1978.

Rehearing Denied Nov. 27, 1978.

Solomon, Roth & Van Amberg, Charles S. Solomon, Santa Fe, for plaintiffs-appellants.

White, Koch, Kelly & McCarthy, John F. McCarthy, Jr., Santa Fe, New Mexico for Santistevans & Lavadie.

Karelitz & Flores, Leon Karelitz, Las Vegas, for Lavadie.

## OPINION

FEDERICI, Justice.

This action was commenced to quiet title to lands claimed by plaintiffs Esquibel (appellants). Following a non-jury trial, title was quieted in appellants against all defendants except Lavadie and Santistevan (appellees). Appellants seek review of the judgment of the District Court of Mora County.

The subject property was originally a part of the Mora Grant. Subsequently, title was acquired by the common grantor, State Investment Company, and later was sold to all of the predecessors of all of the present parties. Appellants' claim to title is based on a series of written conveyances, all of which instruments described the property by the terms of the original 1917 survey of the property. The description in the 1946 deed to appellants was copied from the previous deeds in the series.

In the original division of the larger tract involved, which was to be divided equally between appellants and appellees, or their predecessors, each was to receive about 614 acres under their deeds. The record shows that appellants had fences erected shortly after they purchased the land in 1946 and that, through the years, appellants assessed and paid taxes upon 614 acres. The area within the fence line boundary claimed by appellants contains over 900 acres. It is uncontested that appellants have made use of all of the land within the fences erected by them since 1946, for cattle grazing and other purposes.

The dispute in this case arises because the fence lines erected by appellants do not conform to what the trial court found to be the true legal description of the appellants' lands as contained in their 1946 deed. The trial court found that appellants' west and south fence lines were erected some distance beyond the western and southern boundaries of their land, as those boundaries appear in appellants' 1946 deed. Title to the land claimed by appellants, which lies within their western fence line boundary, but beyond the western boundary of their property as described in the 1946 deed, was quieted in appellee Lavadie, the adjoining land owner to the west. Title to the land claimed by appellants which lies within their southern fence line boundary, but beyond the southern boundary of their property as described in their 1946 deed, was quieted in appellee Santistevan, the adjoining landowner to the south. The trial court found that the legal description in appellants' 1946 deed is easily ascertainable on the ground and held that appellants had proved their title in fee simple to lands so described. However, the trial court also found that appellants were without right, title or interest in the lands outside the description, but within their fences, either under the doctrine of acquiescence (sometimes referred to as mutual recognition) or by adverse possession.

█ Appellants' first claim is that the trial court erred in finding that neither appellee ever acquiesced, agreed to or honored the altered and enlarged dimensions of appellants' land caused by the misplaced fence line. While it is true that a boundary line may be established by acquiescence, the establishment of a boundary line is a question of fact. *Platt v. Martinez*, 90 N.M. 323, 563 P.2d 586 (1977); *Velasquez v. Cox*, 50 N.M. 338, 176 P.2d 909 (1946). The trial court found against appellants.

█ We are limited to a determination of whether there is substantial evidence to

support the trial court's findings of fact, and, if there is, to decide whether the trial court properly applied the law. It is the duty of the Court on review to entertain all reasonable presumptions in favor of the correctness of the trial court's findings, conclusions and judgment. *Velasquez v. Cox, supra.*

We find that there is substantial evidence to support the finding of the trial court that appellees Lavadie and Santistevan did not acquiesce in appellants' fence line.

The second claim presented by appellants is that they own title to all of the land within the fence boundaries through adverse possession. The elements necessary to establish title by adverse possession in a grant are: (1) actual, visible, exclusive, hostile and continuous possession; (2) under color of title; (3) for a period of ten years. *Flores v. Bruesselbach*, 149 F.2d 616 (10th Cir. 1945); *Marquez v. Padilla*, 77 N.M. 620, 426 P.2d 593 (1967). *See* § 23–1–21, N.M. S.A. 1953 (Supp.1975).

Appellees point out that appellants failed to show color of title to the land in dispute. We agree with appellees. The trial court found: (1) that appellants' title is based on a written deed; (2) that the legal description contained in that deed is easily ascertainable on the ground; and (3) that since appellants' fences lie beyond the area granted to them in the deed, they did not show color of title.

The burden of proving title by adverse possession is upon him who asserts it. The plaintiff in a quiet title action must rely upon the strength of his own title and not upon the weakness of the title claimed by his adversary. *Birtrong v. Coronado Bldg. Corp.*, 90 N.M. 670, 568 P.2d 196 (1977).

Appellants failed to prove title in themselves under either theory, therefore, the judgment of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and PAYNE, J., concur.