636 P.2d 308

**Fermin PACHECO and Mary Pacheco,
Plaintiffs-Appellees,**

v.

**Solomon MARTINEZ,
Defendant-Appellant.**

**No. 4910.**

Court of Appeals of New Mexico.

Oct. 20, 1981.

William S. Keller and Robert F. Sanchez, Las Vegas, for defendant-appellant.

Roberto L. Armijo, Las Vegas, for plaintiffs-appellees.

## OPINION

DONNELLY, Judge.

Plaintiffs filed suit against defendants Solomon Martinez and Engelbert Bauer, for alleged trespass upon lands in Mora County, New Mexico. Plaintiffs sought damages

from defendants for allegedly entering and cutting timber upon plaintiffs' lands, and requested the court to enjoin defendants from entering upon such lands or interfering with such lands being surveyed. The defendants each filed separate answers denying that plaintiffs in fact owned the lands where the timber was cut. They asserted respective counterclaims against plaintiffs, claiming defendants held title to the disputed property and seeking damages for the unlawful entry of restraining orders against defendants.

From a judgment entered by the trial court adjudicating plaintiffs to be owners in fee simple of three tracts claimed by them and permanently enjoining the defendants from entering thereon, defendant Solomon P. Martinez appeals. The defendant Bauer has not joined in this appeal.

The defendant has raised eight separate claims of error. We need only discuss a) the propriety of the trial court's entering a judgment that in effect quieted title to the disputed lands of plaintiffs, as between the parties, when plaintiffs only sought damages in trespass and injunctive relief; and b) sufficiency of evidence to support the judgment.

I. *Propriety of Relief Granted*:

Under the first point relied upon for reversal, defendant asserts that the trial court erred in relief granted. Specifically, defendant contends that plaintiffs' complaint stated a cause of action in trespass, but the court by its final judgment in effect improperly entered a decree quieting title to the lands.

The trial court bifurcated the trial on the issues. It first heard evidence concerning ownership of three tracts of land claimed by plaintiffs, reserving the question as to what, if any, damages had resulted from the claimed acts of trespass. The principle issues contested at the first hearing were the proper location of the boundary lines surrounding plaintiffs' properties, and the question of which party had proper title to the lands upon which the alleged trespasses occurred.

The court received in evidence three separate deeds under which plaintiffs claimed title to the property in question, survey plats, photos, and heard the testimony of Thomas Klinnehager and Henry Biseman, land surveyors, testimony of the parties and other witnesses.

At the conclusion of the first phase of the trial, the judge requested proposed findings of fact and conclusions of law. Thereafter, the court entered a written decision finding that plaintiffs and defendant Solomon Martinez each acquired their titles from a common source, and that upon the death of Tiburcio Martinez, Sr., the common predecessor in title to the parties, his surviving children partitioned the lands owned by their father by execution and delivery of deeds among themselves dividing the properties. The court found that plaintiff, Fermin Pacheco, subsequently acquired the interest of three of the partitioners, that the three tracts acquired by him existed side by side, and when platted constituted a tract of land 100 yards in width, extending from an orchard wall on the north, to lands of the Quintana brothers on the south, and running parallel and contiguous on the west to the tract owned by defendant Martinez. The court concluded that it should retain jurisdiction to determine the issues of claimed damages for the acts of trespass, if any, following the making of a survey of the line dividing the Martinez and Pacheco tracts.

Apparently the court contemplated that the parties would prepare a survey showing the location of the plaintiffs' and defendants' boundary lines, pinpointing the location of timber allegedly cut, and revealing upon whose property such timber was actually taken.

In accordance with the court's instruction, the parties hired Mr. Klinnehager, a land surveyor, to plat the tracts of land claimed by plaintiffs and defendant Martinez, and to determine their common boundary line.

After the surveying of the properties, the remaining issues were brought to trial on

September 2, 1980. After an evidentiary hearing, plaintiffs withdrew their claims for damages. The court entered judgment decreeing that plaintiffs held fee simple title to the real estate described in the court's judgment, and ordered that defendants, and anyone claiming under them, had no right, title or interest in the real estate of the plaintiffs. The court permanently enjoined defendants from further trespass upon such property and directed that plaintiffs recover no damages or costs because such claims were withdrawn.

In light of defendant's assertion that the trial court lacked jurisdiction to adjudicate title to disputed property and to permanently enjoin the defendants from entering thereon, we look initially to the issue of whether such relief can properly be granted under the theories relied upon by plaintiffs in their complaint.

The trial court in its judgment decreed:

Plaintiffs are the owners in *fee simple* . . . and the defendants, and anyone claiming under them, have no right, title or interest in and to said real estate . . . (Emphasis supplied).

A "fee simple" is a present, possessory estate in land of indefinite duration that is freely alienable, devisable, and heritable; the words mean absolute title, wholly unqualified by reversion, reservation, condition or limitation, or possibility of any such thing precedent or subsequent, present or future. 4 G. Thompson, Real Property § 1856 at 412 (Repl.1979).

■ *The gist of an action of trespass* to real property is in *tort for the alleged injury to the right of possession. John Price Associates, Inc. v. Utah State Conference, Brick Layers Locals Nos. 1, 2 & 6,* 615 P.2d 1210 (Utah 1980); *Chournos v. Alkema,* 27 Utah 2d 244, 494 P.2d 950 (1972). To maintain such action, the plaintiff must have been in actual or constructive possession of the land at the time of the alleged trespass. *Harrington v. Chavez,* 27 N.M. 67, 196 P. 320 (1921); *John Price Associates, Inc. v. Utah State Conference, Brick Layers Locals Nos. 1, 2 & 6,* supra; and *Chournos v. Alkema,* supra; see, *Garver v. Public Ser-*

*vice Company of New Mexico,* 77 N.M. 262, 421 P.2d 788 (1966).

■ Ordinarily an action of trespass will not lie to obtain possession of lands not already in the possession of a party, and the remedy for trespass is in damages. See, *Pueblo of Sandia ex rel. Chaves v. Smith,* 497 F.2d 1043 (10th Cir. 1974); *Thompson v. Fahey,* 94 N.M. 35, 607 P.2d 122 (1980); *Garver v. Public Service Company of New Mexico,* supra; *G & A Contractors, Inc. v. Alaska Greenhouses, Inc.,* 517 P.2d 1379 (Alaska 1974); Restatement (Second) of Torts § 162 (1965); W. Prosser, Torts § 13, at 66, 68–69, 75 (4th Ed. 1971). *Trespass is an action in personam and not in rem. G. W. Bull Co. v. Boston & M. R. R.,* 344, Ill. 11, 175 N.E. 837 (1931).

■ An action at law for *ejectment lies to recover possession* of lands to which a plaintiff is legally entitled. Sections 42–4–1 to –30 N.M.S.A.1978. In ejectment, the parties' rights to possession are primarily in issue. *Burke v. Permian Ford-Lincoln-Mercury,* 95 N.M. 314, 621 P.2d 1119 (1981).

■ Injunctive relief normally will not be granted in order to try title to real estate where an adequate remedy at law will redress the alleged wrongs in damages or otherwise. *Crawford v. Longuemare,* 25 N.M. 267, 181 P. 283 (1919); See *State ex rel. Ervien v. Budd,* 25 N.M. 313, 182 P. 863 (1919); *Kennedy v. Bond,* 80 N.M. 734, 460 P.2d 809 (1969); *General Tel. Co. of Southwest v. State Tax Com'n.,* 69 N.M. 403, 367 P.2d 711 (1962).

■ The recognized method of obtaining an equitable determination of title to realty in New Mexico is by the statutory suit to quiet title. Section 42–6–1 to –17 N.M.S.A. 1978. It is used to *determine any interest in land whether plaintiff is in or out of possession. Currier v. Gonzales,* 78 N.M. 541, 434 P.2d 66 (1967); *Quintana. v. Vigil,* 46 N.M. 200, 125 P.2d 711 (1942); see *Corman v. Cree,* 100 F.2d 486 (1938). New Mexico has rejected the existence of a cause of action at law for "trespass to try title," although it is recognized elsewhere. *Jemez*

*Land Co. v. Garcia*, 15 N.M. 316, 107 P. 683 (1910).

In a proper case, however, the location of a disputed boundary may be determined in an action in trespass, ancillary to injunctive relief that has also been sought. *Sproles v. McDonald*, 70 N.M. 168, 372 P.2d 122 (1962); *Murray Hotel Co. v. Golding*, 54 N.M. 149, 216 P.2d 364 (1950). In *Sproles v. McDonald*, the plaintiff sought to enjoin an alleged trespass by a lessee of state-owned land. The defendants in their answer denied plaintiff's allegations and counterclaimed for injunctive relief, asserting trespass by plaintiff. The court there recognized that equity may enjoin continued occupancy or trespass of lands owned by the claimant.

A similar result was reached in *Murray Hotel v. Golding*, supra, where the court held:

> [T]he case represents essentially a boundary dispute. Ejectment is the remedy ordinarily invoked in the settlement of such disputes. . . . So it has been in New Mexico more often than otherwise. . . To be sure, where the fixing of boundaries ancillary to some recognized ground of equity jurisdiction, having taken jurisdiction for one purpose, equity will retain it to award complete relief even where it involves settling a boundary dispute.

54 N.M. at 156–157, 216 P.2d at 368–369.

Under the facts of this case, since plaintiffs coupled their action in trespass with a claim for injunctive relief, alleging the occurence of immediate irreparable harm, procedurally it was not error on the part of the trial court to undertake to adjudicate the location of the disputed boundary claimed by plaintiffs under the court's equity jurisdiction. However, the judgment of the trial court here went beyond location of disputed boundaries and undertook to grant a decree quieting title in plaintiffs. Such relief was beyond the scope of the pleadings.

II. *Sufficiency of Evidence*:

Since defendant's second, fifth, and sixth points on appeal all address themselves to the existence of substantial evidence to support the trial court's judgment and findings, we discuss such issues jointly.

A long-established rule in this jurisdiction is that on appellate review, the court must sustain the trial court's findings and conclusions if supported by substantial evidence. *Hertz Corp. v. Ashbaught*, 94 N.M. 155, 607 P.2d 1173 (Ct.App.1980), cert. denied 94 N.M. 628, 614 P.2d 545; *Montoya v. Travelers Insurance Co.*, 91 N.M. 667, 579 P.2d 793 (1978). The reviewing court will view the facts and evidence in light most favorable to the prevailing party, indulge in all reasonable inferences in support of the finding, and will disregard all inferences or evidence to the contrary. *Den-Gar Enterprises v. Romero*, 94 N.M. 425, 611 P.2d 1119 (Ct.App.1980), cert. denied 94 N.M. 628, 614 P.2d 545.

Nevertheless, findings must rest on substantial evidence, not speculation and conjecture. *Matter of Briggs*, 91 N.M. 84, 570 P.2d 915 (1977). A judgment based on findings that are not supported by substantial evidence must be reversed on appeal. *Getz v. Equitable Life Assurance Society*, 90 N.M. 195, 561 P.2d 468 (1977), cert. denied 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95.

Applying the above rules, our review of the record indicates an absence of proper testimony to support the plaintiffs' claim of ownership to a 100-yard-wide strip of property adjacent to lands of defendant Martinez at the location decreed by the court.

Plaintiffs' claim of title was derived from three separate deeds. Two of the deeds contained identical descriptions as to the land, although they were from different grantors. The first deed described the lands granted as 50 yards in width. The other two deeds had identical descriptions and purported to each convey a tract of property 25 yards wide. None of the three deeds described the property conveyed by metes and bounds. The two deeds held by plaintiffs containing identical descriptions described the property sought to be conveyed as follows:

A certain tract of land, 25 yards (twenty five) wide more or less, and situated in precinct # 16, El Monte Aplanado, New Mexico, and better described as follows: bounded on the North by Tapia de la Arbolera, bounded on the South by lands of Quintana Brothers, bounded on the East of lands of Solomon P. Martinez, bounded on the West of lands of Odilia Martinez.

Despite the fact that two of the deeds relied upon by plaintiffs to establish their title in the proceeding contained identical descriptions, the trial court determined that one of the deeds was intended tö in fact refer to a different parcel of land, adjacent to the others. In order to reach this result, as plaintiffs concede in their answer brief, the trial court had to grant reformation of one of the two identical deeds. Hence, instrinsic to defendant's claim of lack of substantial evidence to support the trial court's judgment is the pivotal issue of whether the court may under the state of the pleadings in this cause and the evidence presented, grant relief that amounts to reformation of a deed.

 Since plaintiffs did not plead for reformation of a deed in their complaint, and the pleadings were not amended at trial to conform to properly admissible evidence, the trial court's grant of reformation under the posture of the pleadings was error.

 Reformation of a deed or other instrument is proper where (1) there has been a mutual mistake, or (2) a mistake by one party accompanied by fraud or other inequitable conduct by the other party, *Kimberly, Inc. v. Hays*, 88 N.M. 140, 537 P.2d 1402 (1975). Such relief is not proper as against a subsequent bona fide purchaser or encumbrancer of land, *Kimberly Inc. v. Hays*, supra, or where such relief is not properly pleaded and proven, *Cleveland v. Batemen*, 21 N.M. 675, 158 P. 648 (1916); *Cummins v. Houghton*, 167 Okla. 278, 29 P.2d 71 (1934); *McClure v. Cerati*, 86 Cal. App.2d 74, 194 P.2d 46 (1948).

 Fraud or mistake must be pleaded with particularity and written instruments upon which an action is founded must be attached or referred to in the pleading. N.M.Civ.P. Rule 9. Where reformation is sought, the burden of proof upon the party seeking reformation must be sustained by evidence that is satisfactory, clear and convincing. *Wright v. Brem*, 81 N.M. 410, 467 P.2d 736 (Ct.App.1970); *Butler v. Butler*, 80 N.M. 36, 450 P.2d 922 (1959); *Collier v. Sage*, 51 N.M. 147, 180 P.2d 242 (1947).

 Moreover, where evidence material to an issue not covered by the pleadings is admitted over objection at trial and the pleadings have not been amended, no amendment will be implied *Matter of Valdez*, 88 N.M. 338, 540 P.2d 818 (1975); *McLean v. Paddock*, 78 N.M. 234, 430 P.2d 392 (1967). The court may not amend sua sponte, and such issues are not properly before the court. *Branch v. Mays*, 89 N.M. 536, 554 P.2d 1297 (Ct.App.1967).

 Plaintiffs failed to plead facts at any time warranting reformation of any of plaintiffs' deeds. The office of pleadings is to give the parties to the action fair notice of both claims and defenses and the grounds upon which they rest. *Seasons, Inc. v. Atwell*, 86 N.M. 751, 527 P.2d 792 (1965). Pleadings should be interpreted so as to do substantial justice. *Morrison v. Wyrsch*, 93 N.M. 556, 603 P.2d 295 (1979). Reformation of an instrument is an extraordinary equitable remedy. *Lehrman v. Lehrman*, 203 Or. 30, 278 P.2d 139 (1954). The rules and policies of pleading are particularly applicable to bar grant of so drastic a remedy here.

Without reformation of one of the identical deeds, the court's location of the disputed boundaries between lands of plaintiffs and defendant Martinez is not substantiated by the evidence.

In presenting evidence to support their contention that one of their deeds was subject to reformation, plaintiffs attempted to establish the location of lands in issue by their deeds and through the introduction of

two survey plats: Plaintiffs' Exhibit 5, Drissel and Associates survey, and Plaintiffs' Exhibit 6, the Biseman survey; Exhibit 5 was predicated upon the assumption that the three tracts of land claimed by plaintiffs were in fact separate parcels of land each contiguous to the other. However, Mr. Klinnehager, the surveyor who prepared Exhibit 5, found the descriptions in plaintiffs' deeds to be so vague and uncertain that his testimony prompted the trial court at one point to remark:

THE COURT: . . . I have nothing to go on except these deeds that are ___ the poorest descriptions in the state of New Mexico. . . .

The judgment entered by the court on September 2, 1980, adjudicated that the plaintiffs are the owners in fee simple title of the real estate as described on the survey plat prepared by Mr. Klinnehager, plaintiffs' Exhibit 5. Mr. Klinnehager testified that he endeavored to locate his survey based upon an earlier survey prepared by Henry Biseman, for Tiburcio Martinez, Sr., the common predecessor in title to the parties. The evidence is undisputed that Mr. Klinnehager did not utilize plaintiffs' deeds to locate the boundaries but instead attempted to locate such property by efforts to re-establish the corners of the Biseman survey and then to compute a projected common boundary line between the plaintiffs and the defendant Martinez.

In conducting his survey, Mr. Klinnehager testified that he did not follow the identical lines of the Biseman survey since they did not match precisely improvements found on the ground. Mr. Klinnehager stated:

[I] tried to talk to Mr. Biseman to see if I could get some more information as to where these tracts hit the fence line, but he wasn't much help. He really didn't set any monument that would give any help. He didn't really locate any of it.

A resurvey not shown to have been accurately based upon established points in an original survey is generally inconclusive in determination of boundaries between tracts. *Pallas v. Dailey*, 169 Neb. 533, 100 N.W.2d 197 (1960); *Thein v. Burrows*, 13 Wash.App. 761, 537 P.2d 1064 (1975). In *Thein v. Burrows*, the plaintiffs brought suit for a permanent injunction and sought damages for the wrongful cutting of timber on plaintiffs' lands. At trial both the plaintiff and defendant presented plats prepared by surveyors hired by each of the parties. The rule was declared in that case:

The general rule governing the determination of boundary lines by resurvey is that the intent of the new survey should be to ascertain where the original surveyors placed the boundaries rather than to determine where new and modern surveys would place them.

13 Wash.App. at 763, 537 P.2d at 1066.

Mr. Klinnehager also testified that in preparing his survey he did not attempt to base his survey on plaintiffs' deeds. In attempting to relocate the points established by the Biseman survey, he did not have the deeds upon which Mr. Biseman had located the earlier survey. On direct examination of Mr. Klinnehager, the following colloquy occurred between plaintiffs' counsel and the court:

THE COURT: What worries me on that is: seriously is, he didn't go to the deeds after he got his common point, he went somewhere else.

Mr. Klinnehager candidly conceded that in laying out his survey he attempted to project the shape of tracts claimed by plaintiffs onto the survey prepared by him by extrapolation. In this respect he testified:

SURVEYOR: Mr. Martinez and Mr. Pacheco tried to get something along this line that would mark where these tracts intersected the fence line and nobody knew. Mr. Biseman wouldn't indicate anything, so I had to resort to just computing it blindly, following the bearings and distances. All on the ground.

The record reflects that although Mr. Klinnehager indicated how he arrived at the lines shown on his survey, he did not attempt to match the deeds of the plaintiff to his survey by utilization of the descriptions or language contained in plaintiffs'

deeds. The survey relied instead upon extrinsic evidence and primarily attempted to locate plaintiffs properties from earlier Biseman survey.

The construction of a deed and its legal effect as to boundaries is a question of law. *Mitchell v. Moore,* 152 Fla. 843, 13 So.2d 314 (1943) and the location of the boundary line is a question of fact. *Esquibel v. Hallmark,* 92 N.M. 254, 586 P.2d 1083 (1978). The test of whether a surveyor resorted to proper methods in laying out his survey is whether he has followed correct and established standards. *O'Hara v. Brace,* 258 Or. 416, 482 P.2d 726 (1971). If a surveyor with a deed before him, with or without the aid of extrinsic evidence derived from the deed or other proper sources, can locate the land and establish its boundaries accurately, his method is proper and the description in such deed is legally sufficient. *Mitchell v. Moore,* 152 Fla. 843, 13 So.2d 314 (1943). The extrinsic evidence upon which a party may properly locate lands in dispute and establish their boundaries must be contained in the deeds themselves or the language of the deeds must point to the source of such evidence. *Birtrong v. Coronado Building Corp.,* 90 N.M. 670, 568 P.2d 196 (1977); *Romero v. Garcia,* 89 N.M. 1, 546 P.2d 66 (1976); *State ex. rel. State Highway Department v. Davis,* 85 N.M. 759, 517 P.2d 743 (1973); *Komadina v. Edmondson,* 81 N.M. 467, 468 P.2d 632 (1970); see also, *Rhodes v. Wilkins,* 83 N.M. 782, 498 P.2d 311 (1972).

The trial court admitted the relocated survey into evidence over objection of defendant's counsel. This provided the basis for the trial court's findings and adoption of a metes and bounds description as to the location of the boundary line between the land of the plaintiffs and defendant. The admission of such exhibit into evidence was error.

Disputed boundaries may be located by evidence of long acquiescence to a fence or agreed line by adjoining owners, *Thomas v. Pigman,* 77 N.M. 521, 424 P.2d 799 (1967); *Olivas v. Garcia,* 64 N.M. 419, 329 P.2d 435 (1958); by adverse possession under color of title, *Esquibel v. Hallmark,* supra; *Archuleta v. Pina,* 86 N.M. 94, 519 P.2d 1175 (1974); *Apodaca v. Tome Land & Improvement Co.,* 91 N.M. 591, 577 P.2d 1237 (1978); or where land is described by reference to an abutting tract and the adjoining lines can be accurately determined so that the line of the adjacent tract becomes a monument, *Kennett Corp. v. Pondwood, Inc.,* 108 N.H. 30, 226 A.2d 783 (1967); 6 Thompson, Real Property, § 3032 (Repl. 1962). However, no such evidence was presented in the trial below.

Plaintiff's complaint alleged that defendants Martinez and Bauer trespassed and removed timber. The trial court's findings omitted any reference to trespass, cutting and removing timber. However, the judgment submitted to the court and signed stated in part:

[H]aving heretofore rendered its decision *resolving the issues in favor of plaintiffs* and against defendants, and *after having heard further testimony regarding the* issues of trespass,

. . . . .

IT IS ORDERED . . . that . . . Defendants are permanently enjoined from committing *further* trespass thereon . . . .

This judgment is erroneous. The issues of cutting and removing timber were never resolved in plaintiff's favor and were withdrawn by plaintiffs.

After review of the evidence in the record in this case, we agree with defendant that because of the error in granting reformation of one of plaintiff's deeds and the lack of proper evidence to support the surveys received into evidence, the plaintiffs failed to establish by requisite evidence that the claimed boundary lines between the plaintiff and defendant Martinez were accurately located. Because defendant's second, fifth and sixth points raised on appeal are meritorious, it is not necessary to discuss the remaining points relied upon by defendant on this appeal.

The judgment of the trial court is reversed. This case is remanded to the dis-

trict court to vacate and set aside its judgment that plaintiff's complaint be dismissed with prejudice. Plaintiff shall pay the costs of this appeal.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.