IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2010-NMSC-015

Filing Date: March 4, 2010

Docket No. 31,686

WILLIAM F. McNEILL, MARILYN
CATES and THE BLACK TRUST,

       Plaintiffs-Petitioners,

v.

RICE ENGINEERING AND OPERATING, INC.,
RICE ENGINEERING, INC., RICE OPERATING
COMPANY, and HOBBS SALT WATER DISPOSAL
SYSTEM, whose General Partner is RICE OPERATING
COMPANY and whose Partners/Joint Ventures are
ALTURA ENERGY LTD., et al.,

       Defendants-Respondents.

ORIGINAL PROCEEDING ON CERTIORARI
Gary L. Clingman, District Judge

Law Offices of James P. Lyle, P.C.
James P. Lyle
Albuquerque, NM

for Petitioners

Montgomery & Andrews, P.A.
Sarah M. Singleton
Jaime R. Kennedy
Stephen S. Hamilton
Santa Fe, NM

McCormick, Caraway, Tabor & Byers, L.L.P.
John M. Caraway
Carlsbad, NM

for Respondents

**OPINION**

**CHÁVEZ, Chief Justice.**

**{1}** Plaintiffs sued Defendants for trespass resulting from the operation of a salt water disposal well on Plaintiffs' property. The district court granted a motion for summary judgment to Defendants and Plaintiffs appealed. The Court of Appeals affirmed, holding that Plaintiffs lacked standing to bring a cause of action for trespass and unjust enrichment for acts that occurred before Plaintiffs owned their property. We granted Plaintiffs' petition for writ of certiorari. We agree with the Court of Appeals that an action for trespass to real property is in tort for the alleged injury to the right of possession. *Pacheco v. Martinez*, 97 N.M. 37, 41, 636 P.2d 308, 312 (Ct. App. 1981). Therefore, it is an action in personam, not in rem, and does not run with the land. *Id.* For a party to have standing to sue for trespass, it must be an aggrieved party; that is, it must have a possessory interest in the land at the time of the trespass. Although the discovery of the trespass is what begins the statute of limitations to run, discovery is not what makes a party an aggrieved party for purposes of standing. Because the Court of Appeals's unpublished memorandum opinion is well-written and persuasive, we adopt it in its entirety and attach it to this opinion as Appendix A.

**{2}    IT IS SO ORDERED.**

                               _____

                               **EDWARD L. CHÁVEZ, Chief Justice**

**WE CONCUR:**

_____

**PATRICIO M. SERNA, Justice**

_____

**PETRA JIMENEZ MAES, Justice**

_____

**RICHARD C. BOSSON, Justice**

_____

**CHARLES W. DANIELS, Justice**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**WILLIAM F. MCNEILL,**
**MARILYN CATES, and**
**THE BLACK TRUST**,

Plaintiffs-Appellants/Cross Appellees,

NO. 29,207

**RICE ENGINEERING AND OPERATING, INC., RICE ENGINEERING, INC., RICE OPERATING COMPANY, and HOBBS SALT WATER DISPOSAL SYSTEM, whose general partner is Rice Operating Company,**

Defendants-Appellees/Cross-Appellants.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Montgomery and Andrews, P.A.
Sarah M. Singleton
Jaime R. Kennedy
Santa Fe, NM

McCormick, Caraway, Tabor
& Byers, L.L.P
John M. Caraway
Carlsbad, NM

for Appellees/Cross-Appellants

Law Offices of James P. Lyle, P.C.
James P. Lyle
Albuquerque, NM

for Appellants/Cross-Appellees

## MEMORANDUM OPINION

**KENNEDY, Judge.**

**{3}** Plaintiffs appeal from a judgment entered in favor of Defendants on Plaintiffs' claims of trespass and unjust enrichment. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendants timely responded with a memorandum in support, and Plaintiffs timely responded with a memorandum in opposition. We have considered Plaintiffs' arguments, and as we are not persuaded by them, we affirm.

**{4}**     Our notice of proposed summary disposition proposed to affirm based on our conclusion that Plaintiffs lacked standing to bring claims of trespass and unjust enrichment for acts that occurred before they owned the property.  The question of whether a party has standing to sue is a question of law that we review de novo.  *See McNeill v. Burlington Res. Oil & Gas Co.*, 2008-NMSC-022, ¶ 12, 143 N.M. 740, 182 P.3d 121.

**{5}**     In the district court, Plaintiffs claimed that Defendants began pumping salt water from beyond the boundaries of Plaintiffs' land into a well on Plaintiffs' property, and that this activity began—without the knowledge or consent of Plaintiffs or their predecessors in interest—in 1958 and continued until 2001.  In 2004, Plaintiffs and Defendants settled all claims relating to any such activity that occurred after October 27, 1994.  Accordingly, in our notice we stated that it appeared that the only issues that would have been tried in the district court—and therefore, the only issues to be reviewed on appeal—relate to Defendants' liability for salt water disposal activity that took place between 1958 and October 27, 1994.  As Plaintiffs' memorandum in opposition does not express any disagreement with our understanding of these facts, we rely on them for our decision in this case.

**{6}**     In the district court, Defendants' amended motion for summary judgment presented evidence that none of the Plaintiffs had any ownership interest in the property prior to 1996.  Defendants' amended motion also presented evidence that one of the Plaintiffs, William McNeill, occupied the property under a lease beginning in 1993, although he did not have an ownership interest in it until later.  These facts were not disputed in Plaintiffs' response to Defendants' motion.

**{7}**     "The gist of an action of trespass to real property is in tort for the alleged injury to the right of possession."  *Pacheco v. Martinez*, 97 N.M. 37, 41, 636 P.2d 308, 312 (Ct. App. 1981).  Therefore, in order to have standing to make a claim for trespass to land, a plaintiff must have had some sort of possessory interest in the land at the time of the trespass.  Our Supreme Court has explained that a party who acquires title to real property does not acquire his or her predecessor's claims of trespass against a third party, but instead may only recover for any trespass that might continue after the acquisition.  *See Garver v. Public Serv. Co. of N.M.*, 77 N.M. 262, 271, 421 P.2d 788, 794 (1966) (agreeing with cases standing for the proposition that "one who purchases real estate after a trespass has been committed thereon, cannot maintain an action for such prior trespass, but may recover for trespasses which continue after the purchase"); *Caledonian Coal Co. v. Rocky Cliff Coal Mining Co.*, 16 N.M. 517, 518, 120 P. 715, 716 (1911) (syllabus by the Court) ("A right of action for a trespass to land is not assigned by a subsequent conveyance of the land.").  Because neither Plaintiff Marilyn Cates nor Plaintiff Black Trust had any possessory interest in the property between 1958 and October  27, 1994, we conclude that they lacked standing to assert a claim for damages for any trespass that occurred during that period.  Under the general rule announced in *Garver* and *Caledonian Coal*, the fact that title passed to them after the trespass does not afford them with any right the previous owner may have had to bring suit.

4

**{8}**     During the same period, however, Plaintiff William McNeill leased the property beginning sometime in 1993, thereby gaining a possessory interest in the land.  Therefore, the question is whether Mr. McNeill has standing to sue to recover for the alleged acts of trespass to the property that occurred during the period beginning in 1993 when he began leasing the property, and October 27, 1994.  We hold that he does not.  Plaintiffs expressly argued to the district court that the pumping of salt water underground did not interfere with a lessee's possessory interest in the use of the property, and that it only interfered with the owners' ownership interest in the land.  Although Plaintiffs made this argument with respect to a lessee who leased the property after Mr. McNeill did, we cannot see how this same argument would not apply to Mr. McNeill when he leased the property in 1993 and 1994.  It appears that Mr. McNeill leased the property for purposes of ranching. Plaintiffs expressly denied that they were claiming that the existence of the pipelines themselves constituted a trespass.  Instead, their argument was that since  Plaintiffs' predecessors in interest had permitted Defendants to build the pipeline for the purpose of injecting salt water produced from activities on the property itself, it was the injection of salt water from off of the property that constituted the trespass.  Because the claimed injury to the land in this case occurred below the surface, we conclude that any underground salt water disposal that took place between 1993 and October 27, 1994, did not interfere with Mr. McNeill's possessory rights as a lessee.  Accordingly, we conclude that he did not have standing to sue for any trespass that occurred during that period.  *See Caledonian Coal*, 16 N.M. at 524, 120 P. at 717-18 (holding that a plaintiff who sought to recover the value of coal removed from land "must show some property right or interest in the coal which is not established by possession of the land merely," since removal by trespass is an "injury to the freehold, for which injury the owner of the fee is alone entitled to recover.").

**{9}**     Although *Garver* and *Caledonian Coal* discuss a party's standing to bring a claim for the tort of trespass, we believe that the standing analysis is the same for Plaintiffs' unjust enrichment claim.  We know of no authority that would permit a non-owner of property to recover in unjust enrichment for someone else's unauthorized use of that property.  Just as with the tort of trespass, it is the owner who would be entitled to restitution, since the person who used the owner's property would have done so at the owner's expense.  *See Heimann v. Kinder-Morgan CO2 Co., L.P.*, 2006-NMCA-127, ¶ 20, 140 N.M. 552, 144 P.3d 111 ("Unjust enrichment . . . is a theory under which an aggrieved party may recover from another party who has profited at the expense of the aggrieved party.").  Therefore, Plaintiffs would only be entitled to restitution for any periods during which they had an ownership interest in the property.  They have apparently in fact recovered for such unjust enrichment in their settlement agreement with Defendants.

**{10}**     In their memorandum in opposition, Plaintiffs argue that the discovery rule would somehow grant them standing to sue for injuries that were suffered by their predecessors in interest.  We disagree, and we believe that Plaintiffs' argument conflates the question of when a cause of action accrues with the question of who possesses the rights sought to be enforced or the injury sought to be compensated.  The discovery rule simply provides that the statute of limitations begins to run from the time an aggrieved party discovers an injury.

5

*See* NMSA 1978, § 37-1-7 (1880) ("In actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property, the cause of action shall not be deemed to have accrued until the fraud, mistake, injury or conversion complained of, shall have been discovered by the party aggrieved."). On its face, the rule gives no indication that an aggrieved party who has discovered an injury is entitled to recover for injuries previously done to other aggrieved parties. In this case, Mr. McNeill discovered Defendants' wrongful conduct in 1995. Accordingly, an application of the discovery rule would simply permit Plaintiffs four years from the discovery in 1995 to bring suit. *See* NMSA 1978, § 37-1-4 (1880) (providing that an action "brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified" must be brought "within four years"). Plaintiffs were proper parties to bring suit, not by virtue of the discovery rule, but because they owned the property while the trespass continued. Plaintiffs have settled all claims relating to the period during which they had such an ownership interest plus an additional period of a few years prior to the time they obtained their ownership interest. We cannot see how the discovery rule would permit Plaintiffs to recover for injuries that were done to Plaintiffs' predecessors.

**{11}** Plaintiffs suggest that they acquired their predecessors' claims of trespass and unjust enrichment either through deed or inheritance. However, Plaintiffs cite no authority for the proposition that a claim of trespass or a claim of unjust enrichment based on trespass is one that automatically runs with title to the land, and *Garver* and *Caledonian Coal* state otherwise. While Plaintiffs both distinguish *Garver* and *Caledonian Coal* and argue that the statement in each case regarding a subsequent purchaser's inability to bring suit for a trespass that occurred prior to the time that they acquired title to the property is merely dicta, we see no reason that this general rule of law would be inapplicable in this case. In *Garver* and *Caledonian Coal*, our Supreme Court clearly stated that an action for trespass is not automatically assigned to a subsequent owner. *See Garver*, 77 N.M. at 271, 421 P.2d at 794; *Caledonian Coal*, 16 N.M. at 518, 120 P. at 716. Where Plaintiffs have failed to cite any contrary authority from this or any other jurisdiction, this Court will presume that no such authority exists. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{12}** Plaintiffs also argue that this Court's opinion in *McNeill v. Burlington Res. Oil & Gas Co.*, 2007-NMCA-024, 141 N.M. 212, 153 P.3d 46, controls the question of whether Plaintiffs can recover for trespasses that occurred on the land when it was still owned by their predecessors in interest. We are not persuaded that our opinion in *McNeill* squarely addressed this issue. In that case, Plaintiffs alleged that the defendant's "failure to properly close [a] pit resulted in subsurface contamination of their property[, and] that the contamination has affected the water supply in the area and that, as a result, Plaintiffs' cattle will not drink the water." 2007-NMCA-024, ¶ 5. The defendant in that case argued that the Black Trust did not have standing to bring suit since 1) while the language in the quitclaim deed conveyed the predecessor's "right, title, and interest" *in the property itself*, it did not

convey personal causes of action and 2) the cause of action accrued when the injury to the property occurred, which was prior to the trust's acquisition of the property. *Id.* ¶ 12. This Court did not address the question of whether the deed was adequate to convey personal causes of action, and instead held that New Mexico applies the discovery rule, and that under that rule, the cause of action did not accrue until after the trust acquired the property. *Id.* ¶ 14-15. Our Supreme Court affirmed this portion of our holding, and it, too, addressed only the discovery rule, without discussing whether or not the deed itself conveyed any personal causes of action. *See McNeill*, 2008-NMSC-022, ¶ 37.

**{13}** Both opinions in *McNeill* addressed only the question of whether the Black Trust had standing to bring the claims at issue in that case. Since the contamination of the property alleged in *McNeill* continued while the Black Trust owned the property, we believe both our opinion and our Supreme Court's opinion in that case simply held that the trust had standing to bring suit for that continuing injury, since it was not discovered until after the trust acquired title to the land. We do not believe that either decision resolved the question of whether a party can recover for a trespass that occurred solely while the property was owned by someone else. (We note that to the degree that the trespass at issue in this appeal continued during Plaintiffs' ownership of the property, Plaintiffs have recovered for that trespass.) Therefore, we conclude that neither this Court's opinion nor our Supreme Court's opinion in *McNeill* conflicts with the general rule stated in *Garver* and *Caledonian Coal*, and that neither opinion compels a conclusion that Plaintiffs are entitled to recover for a trespass that occurred before they owned the land.

**{14}** Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**{15}** **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for *McNeill v. Rice Engineering & Operating, Inc.*, No. 31,686**

| | |
|---|---|
| **CP** | **CIVIL PROCEDURE** |
| CP-RP | Real Party in Interest |
| CP-SD | Standing |

| | |
|---|---|
| CP-SL | Statute of Limitations |
| CP-SJ | Summary Judgment |
| CP-SV | Survival of Cause of Action |
| CP- TA | Third-party Actions |
| | |
| **NR** | **NATURAL RESOURCES** |
| NR-OG | Oil and Gas |
| | |
| **PR** | **PROPERTY** |
| PR-PS | Possession |
| PR-TS | Trespass |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |
| ST-RC | Rules of Construction |
| | |
| **TR** | **TORTS** |
| TR-IT | Intentional Torts |
| TR-SA | Statute of Limitations |
| TR-TR | Trespass |