This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEAN COLEMAN, and similarly situated shareholders,**

 Plaintiffs-Appellants,

v.              **NO. 29,346**

**MINERAL ENERGY AND TECHNOLOGY CORPORATION (METCO), a New Mexico corporation,**

 Defendant/Third Party-Plaintiff-Appellee,

and

**URANIUM KING LTD. (UKL), an Australian corporation,**

 Defendant-Appellee,

v.

**URANIUM KING CORPORATION, a Nevada corporation, and URANIUM COMPANY OF NEVADA, LLC, a Nevada limited liability company, and URANIUM COMPANY OF NEW MEXICO, LLC, a Nevada limited liability company,**

 Third-Party Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Louis P. McDonald, District Judge**

Rene Ostrochovsky
Albuquerque, NM

for Appellants

Comeau, Maldegen, Templeman & Indall, LLP
Michael R. Comeau
Santa Fe, NM

for Appellee UKL

## MEMORANDUM OPINION

**VIGIL, Judge.**

Plaintiff, a minority shareholder of Mineral Energy and Technology Corporation (METCO), brought a direct action against METCO and Uranium King Ltd. (UKL) to rescind an agreement between METCO and UKL. The district court ruled that Plaintiff has no standing to bring the direct action and dismissed the complaint. We affirm.

**BACKGROUND**

The complaint alleges misconduct and self-dealing on the part of the three individuals who comprised the METCO board of directors. These three individuals also collectively own 75% of all outstanding METCO stock. The complaint alleges that pursuant to the agreement, all of METCO's uranium claims were transferred to

UKL in exchange for 46,000,000 shares of UKL stock and that the directors and/or largest shareholders of METCO would be directors of UKL. According to the complaint, the METCO directors each received $100,000 for signing the agreement, and each receives $10,000 per month from UKL. In addition, each was named as a director of UKL. The UKL stock received by METCO is alleged to be restricted in that it was not to be traded until September 2008, and there is no provision to distribute the 46,000,000 shares proportionately to METCO shareholders. The complaint asserts that the agreement resulted in the disposal of all or substantially all of METCO's assets and that the METCO directors failed to adopt a resolution recommending the sale of its assets and directing the submission of that resolution to a vote of METCO's shareholders; failed to give written notice to its shareholders; and failed to call for an affirmative vote of the shareholders, all as required by NMSA 1978, Section 53-15-2 (1983). On the basis of these allegations, Plaintiff sought rescission of the agreement between METCO and UKL.

UKL filed a motion to dismiss the complaint pursuant to Rule 1-012(B)(6) NMRA. UKL asserted Plaintiff lacks standing to pursue the action individually because the claim belongs to METCO, and the appropriate suit is a derivative action. Plaintiff contended that he was not required to file a derivative suit because he had been directly injured by the agreement. Plaintiff alleged these direct injuries included:

3

(1) trading the METCO properties without notice to him and without his consent; (2) not receiving any of the UKL shares; and (3) not receiving the same financial benefits provided in the agreement to the METCO directors. METCO joined in pertinent parts of the motion. The district court granted UKL's motion, and an order was entered dismissing Plaintiff's suit with prejudice. Plaintiff appeals.

**DISCUSSION**

As a preliminary matter, METCO and UKL argue that this appeal should be dismissed because Plaintiff did not name METCO as an appellee. Their reasoning is that METCO is a necessary party to the appeal because it is a party to the agreement that Plaintiff seeks to rescind and that the time to include METCO in the appeal has expired; consequently, the failure of Plaintiff to include METCO in the notice of appeal requires dismissal. Because we decide this case on the issue of standing, we need not address this argument.

**Standard of Review**

"The question of whether a party has standing to sue is a question of law that we review de novo." *McNeill v. Rice Eng'g & Operating, Inc.*, 2010-NMSC-015, ¶ 4, 148 N.M. 16, 229 P.3d 489. In addition, we review a district court dismissal under Rule 1-012(B)(6) de novo. *N.M. Pub. Sch. Ins. Auth. v. Arthur J. Gallagher & Co.*, 2008-NMSC-067, ¶ 11, 145 N.M. 316, 198 P.3d 342. In doing so, "we accept as true

4

all well-pleaded factual allegations in the complaint and resolve all doubts in favor of the complaint's sufficiency." *Id.*

**Plaintiff Has No Standing to Sue for Rescission**

In general, actions brought by stockholders for injuries suffered by a corporation must be brought on behalf of the corporation in a derivative suit. *See Marchman v. NCNB Tex. Nat'l Bank*, 120 N.M. 74, 81, 898 P.2d 709, 716 (1995) ("A corporation and a shareholder—even a sole shareholder—are separate entities, and a shareholder of a corporation does not have an individual right of action against a third person for damages that result because of an injury to the corporation."). In New Mexico, two exceptions to the general rule are: (1) when there is an injury to the stockholder that is separate and distinct from that suffered by other stockholders; and (2) when there is a special duty, such as a contractual duty, owed by the wrongdoer to the stockholder personally. *Id.* at 82, 898 P.3d. at 717. Plaintiff asserts that he satisfies both exceptions.

First, Plaintiff argues that his injuries are separate and distinct because he did not receive the same benefits provided to the METCO directors by the agreement, and he suffered losses because of the agreement. We are unpersuaded. Plaintiff's case is grounded on the claim that in making the agreement, the METCO directors engaged in self-dealing and mismanagement in violation of their duties to METCO, which also

5

injured minority shareholders. New Mexico law is well settled that a minority stockholder has no standing, as an individual, to sue corporate directors for mismanagement, negligence, or the like, because such a cause of action belongs to the corporation, and any action taken to redress such wrongs must be brought for the benefit of the corporation. *Schwartzman v. Schwartzman Packing Co.*, 99 N.M. 436, 441, 659 P.2d 888, 893 (1983). "The corporation, having suffered the direct injury, has the right to bring an action against the wrongdoer, while other parties suffering indirect injuries cannot individually assert the corporate cause of action." *Marchman*, 120 N.M. at 81, 898 P.2d at 716. We therefore conclude that Plaintiff has no standing under the first exception allowing minority shareholders to bring a suit in their individual capacity to remedy corporate wrongs.

Second, Plaintiff argues that he has standing because the METCO directors violated statutory duties they owed him under Section 53-15-2 and NMSA 1978, Section 53-15-3 (1983), and they violated the duties they owed him of good faith, due care, and candor. In order to fall within the parameters of the second exception, Plaintiff is required to demonstrate that he has suffered an injury that is separate and distinct from other shareholders. *Healthsource, Inc. v. X-Ray Assoc. of N.M., P.C.*, 2005-NMCA-097, ¶ 29, 138 N.M. 70, 116 P.3d 861. However, Plaintiff fails to demonstrate that the duties he asserts were violated are in any way different from

6

duties owed to any other shareholder or that his alleged injuries are different from injuries suffered by any other METCO stockholder. "There must be a direct injury to the shareholder in his or her individual capacity, independent of any duty to the corporation, before the shareholder is entitled to sue." *Delta Auto. Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 16, 126 N.M. 717, 974 P.2d 1174 (quoting *Marchman*, 120 N.M. at 82, 898 P.2d at 717). *See Bank of N.M. v. Rice*, 78 N.M. 170, 176, 429 P.2d 368, 374 (1967) (stating that "[a] stockholder may sue as an individual where the act complained of creates . . . a cause of action in favor of the stockholder as an individual, as where the act is in violation of duties arising from contract or otherwise, and owing to him directly" (internal quotation marks and citation omitted)). We therefore conclude that Plaintiff failed to satisfy the second exception which would allow him to bring an action in his own name and on his own behalf to rescind the agreement between METCO and UKL, as opposed to a derivative suit.

Plaintiff has standing to bring a derivative suit to seek cancellation of the agreement between METCO and UKL, but he has no standing to seek such relief on his own behalf. We therefore hold that the district court did not err in dismissing the complaint with prejudice. In light of our holding, we do not discuss any other issues.

**CONCLUSION**

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**