This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NO. A-1-CA-37700**

LAURENCE BERNHARDT and
MARIA-LOUISE BERNHARDT,

       Plaintiffs-Appellees,

v.

ADVANCE CONCEPT CONSTRUCTION,
LLC, ADVANCE CONCEPT CONSTRUCTION,
ADVANCE CONCEPT GROUP, ADVANCE
CONCEPT LABOR, LLC, RUTH ANNE
BOWKER, Individually, and KURT BOWKER,
Individually,

       Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Caren I. Friedman
Santa Fe, NM

for Appellees

Michael L. Danoff & Associates, P.C.
Brett J. Danoff
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}** Plaintiffs appeal from the district court's award of attorney fees. We issued a notice of proposed summary disposition proposing to reverse, and Plaintiffs have

responded with a timely memorandum in opposition. We have duly considered these arguments, and we remain unpersuaded that our initial proposed disposition was incorrect. We therefore reverse the attorney fee award and remand to the district court for further proceedings.

**DISCUSSION**

**{2}** We briefly set out the relevant facts and proceedings as follows. Plaintiffs sued Defendants alleging eight different causes of action, including filing an improper lien, breach of contract, a violation of the Unfair Practices Act (UPA), and various tort claims. [RP 115-126] *See* NMSA 1978, § 48-2-9 (2007) (authorizing the filing of a petition to cancel a NMSA 1978, Section 48-2-2 (1993) lien).

**{3}** Following trial, the district court found that Defendants filed three "erroneous and invalid" liens against Plaintiffs' property pursuant to Section 48-2-2. [RP 793] The district court determined that Plaintiffs were therefore the prevailing party in the lien dispute and were entitled to recover attorney fees and costs pursuant to NMSA 1978, Section 48-2-14 (2007), which provides that "[a] prevailing party in a dispute arising out of or relating to a lien action is entitled to recover from the other party the reasonable attorney fees, costs and expenses incurred by the prevailing party." The district court also dismissed Plaintiffs' remaining claims, determining that Plaintiffs had failed to meet their burden of proof on those claims. [RP 794]

**{4}** Plaintiffs' attorney then filed an affidavit setting forth fees in the amount of $71,119.14 for work related to the litigation. [RP 796-797] Plaintiffs' attorney did not separate the fees related to work done on the Section 48-2-9 claim from those related to work on the other claims in either her affidavit or the accompanying invoice. [RP 796-818] Plaintiffs' attorney also submitted a bill of costs requesting $4,592.22, which similarly failed to separate costs. [RP 819-820]

**{5}** Defendants filed an objection to the affidavit in which they argued that Plaintiffs were improperly attempting to recover attorney fees for all the work done by their attorney on their behalf, and had not attempted to segregate the attorney fees authorized under Section 48-2-14 from those related to litigation of the other claims for which there was no basis for an award of attorney fees. [RP 842-846] The record contains no response from Plaintiffs to this objection.

**{6}** The district court ultimately awarded attorney fees and costs to Plaintiffs in the amount of $56,653.60. [RP 1019] Defendants now challenge the award of attorney fees, arguing that the district court abused its discretion by awarding attorney fees for work that was not done on the statutory claim. Additional facts are set forth below.

**{7}** "We review an award of attorney's fees for abuse of discretion." *Cobb v. Gammon*, 2017-NMCA-022, ¶ 60, 389 P.3d 1058; *see also Garcia v. Jeantette*, 2004-NMCA-004, ¶ 15, 134 N.M. 776, 82 P.3d 947 ("The decision whether to grant or deny a request for attorney fees rests within the sound discretion of the district court."). The

district court abuses its discretion when "a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

**{8}** "[I]t has long been the rule in New Mexico that a party is only entitled to those fees resulting from the cause of action for which there is authority to award attorney fees." *Dean v. Brizuela*, 2010-NMCA-076, ¶ 16, 148 N.M. 548, 238 P.3d 917. "Our Supreme Court has continued to direct that recoverable fees be segregated from non-recoverable fees to ensure that only those fees for which there is authority to award attorney fees are in fact awarded." *Id.* ¶ 17; *see also J. R. Hale Contracting Co. v. Union Pacific R.R.*, 2008-NMCA-037, ¶¶ 92, 95, 143 N.M. 574, 179 P.3d 579 (stating that an award of attorney fees under a statutory claim, which allows an award for attorney fees that is joined with non-statutory claims, must be limited to the work done on the statutory claim). This Court has recognized that in some cases it may be difficult or impossible to segregate the work performed on different claims because the work is "inextricably intertwined." *Id.* ¶ 95 (internal quotation marks and citation omitted). However, we have further emphasized that, notwithstanding that some work may be intertwined, "the [district] court should attempt to distinguish between the two types of work to the extent possible." *Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, Inc.*, 1993-NMSC-010, ¶ 32, 115 N.M. 152, 848 P.2d 1079.

**{9}** In our notice of proposed summary disposition we proposed to reverse, noting that Plaintiffs had made no attempt to segregate the attorney fees related to their improper lien claims, which were recoverable, from the fees related to their claims for breach of contract, violation of the UPA, and the tort claims, on which Plaintiffs were unsuccessful and for which there was no authority to award attorney fees. We understand Plaintiffs to make two arguments in their memorandum in opposition: (1) that it was impossible to segregate fees in this case, and (2) that the district court's award of attorney fees was reasonable and only awarded fees related to the statutory lien claim. [MIO 7-17] For the following reasons, we disagree with Plaintiffs' arguments.

**{10}** Plaintiffs first argue that segregation of attorney fees was "difficult or impossible" in this case. [MIO 8-9] In support of this argument, Plaintiffs contend that the work done on the wrongful liens claims was inextricably intertwined with work done on their other claims because in order to prevail on the wrongful liens claim, they were required to prove that Defendants' conduct was wrongful, and it is immaterial whether the wrongful conduct is defined as fraudulent, negligent, or tortious. [MIO 10] To the extent Plaintiffs argue that their claim for a wrongful lien was predicated on Defendants' alleged breach of contract, violations of the UPA, and the other alleged tortious conduct, we disagree. The district court's judgment indicates that its finding that Defendants filed three wrongful liens was based on Defendants' inadvertent addition of a digit to the amount of the first lien, resulting in a lien for $2,390,268.98 rather than $239,268.98, and Defendants' failure to comply with the requirements of NMSA 1978, Section 48-2-6 (1979), in recording the second and third liens, rendering the liens invalid. These improper liens were not withdrawn, which resulted in a continuing cloud on Plaintiffs' property and prevented from them obtaining financing to complete the construction

project. [RP 779-783] However, Plaintiffs were not required to prevail on their contract, tort, and other statutory claims in order to establish that the liens filed by Defendants were improper, and in fact, the district court found that Plaintiffs had failed to prove the other claims. Accordingly, we reject this argument.

**{11}** Plaintiffs also argue that the driving force behind the lawsuit was cancellation of the wrongful liens, and that the lawsuit would not have been initiated had the wrongful liens not been filed, as Plaintiffs were not motivated by the shoddy and incomplete construction work done, but by the nearly $2.8 million in liens encumbering their property. [MIO 9] Regardless of the motivation for the lawsuit, however, New Mexico law requires that recoverable fees be segregated from non-recoverable fees. Plaintiffs have cited no authority to suggest that this requirement can be disregarded based on the importance to the parties of the claims for which fees are authorized. *See McNeill v. Rice Eng'g & Operating, Inc.*, 2010-NMSC-015, ¶ 11, 148 N.M. 16, 229 P.3d 489 (stating that where parties fail to cite authority for their legal propositions, appellate courts "will presume that no such authority exists"). We understand Plaintiffs to further argue that Defendants were engaged in a series of wrongful acts related to the construction of the home and the filing of the liens and that, following entry of the attorney fee award, Defendants continued this pattern of wrongful conduct by failing to promptly comply with a court order to remove the liens. However, none of these circumstances provides a basis to award attorney fees for work done on the claims that Plaintiffs failed to prove at trial.

**{12}** Plaintiffs also ask this Court to review the attorney fee affidavit and conclude on appeal that the nature of the litigation was such that segregation of fees was impossible. We decline to do so. We first note that Plaintiffs did not argue to the district court that the fees for litigating the improper liens were inextricably linked to the fees related to litigation of the other claims. Plaintiffs simply submitted a request for the entirety of the fees without acknowledging the fact that fees were only authorized on the statutory lien claim. Plaintiffs also did not respond to Defendants' argument that they had failed to segregate the fees. Further, the district court, while acknowledging that Plaintiffs were seeking to recover for work that was not done on the lien claims, did not find that the fees were inextricably intertwined in rendering its attorney fee award. As the this argument was not made by Plaintiffs below or ruled on by the district court, we decline Plaintiffs' invitation to make such a determination on appeal. *See Dean*, 2010-NMCA-076, ¶¶ 18-19 (stating that the burden to show the impossibility of segregating attorney fees is with the attorney who seeks the attorney fee award and affirming the denial of attorney fees where the defendant made no showing to the district court what portion of the attorney fees charged were attributable to defending the statutory claim or why it was difficult or impossible to segregate the statutory claims from the other claims).

**{13}** Plaintiffs next argue that the district court's award of attorney fees should be upheld on the basis that it was reasonable. [MIO 11-17] We understand Plaintiffs to argue that they met their burden to show the reasonableness of the attorney fee award because they submitted detailed records, the amount of attorney fees was low given the nature of the litigation, and trial counsel's hourly rate was relatively low. [MIO 13-14]

Plaintiffs also argue that the district court did reduce the attorney fees into recoverable and non-recoverable fees and only awarded those fees incurred for work on the improper lien claim. [MIO 11-17]

**{14}** As we noted in the notice of proposed summary disposition, the district court's amended order does contain findings relative to the factors set out in *Lenz v. Chalamidas*, 1989-NMSC-067, ¶ 19, 109 N.M. 113, 782 P.2d 85 (enumerating factors for the district court to consider in assessing the reasonableness of an award of attorney fees under Section 48-2-14). Specifically, in considering the time and effort expended by the attorney, the district court found that the amount of $71,119.19 was excessive under the circumstances of the case and that "[i]t appears that some of this time was required to pursue the other . . . tort and statutory claims that were dismissed." [RP 1018] Based on this factor and others, including the substantial value of the cancelled liens, Plaintiffs' success in defeating Defendants' counterclaims for breach of contract, and the amount of damages recovered for the cancelled liens, the district court awarded a lesser amount of attorney fees than Plaintiffs' attorney had sought. [RP 1017-1018]

**{15}** However, while the language in the district court's fee award order demonstrates that it was aware that Plaintiffs' attorney was seeking attorney fees for work not done on the statutory claim, the district court's order awarding attorney fees does not indicate whether or how the district court segregated the recoverable fees from the non-recoverable fees. *See Dollens v. Wells Fargo Bank, N.A.*, 2015-NMCA-096, ¶ 25, 356 P.3d 531 (stating that the district court must ensure that only recoverable fees are being awarded); *see also Hinkle*, 1993-NMSC-010, ¶ 32 ("[T]he [district] court should attempt to distinguish between the two types of work to the extent possible."). We therefore cannot determine whether the award of a lesser amount of attorney fees was based on a principled attempt to segregate fees so that only recoverable fees were awarded, or whether the reduction was based on application of the *Lenz* factors, which are not directed at segregating fees.

**{16}** As Plaintiffs did not attempt to segregate the fees in the materials they submitted to the district court, and there is nothing in the record to indicate whether the district court attempted to segregate the fees and on what basis, we conclude that we are not in a position to review the reasonableness of the attorney fee award on appeal or determine whether the district court exercised its discretion in a manner consistent with New Mexico law.

**CONCLUSION**

**{17}** For these reasons, we reverse and remand this case to the district court for further proceedings consistent with this opinion. *See Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 2012-NMCA-091, ¶ 29, 287 P.3d 318 (reversing and remanding for recalculation of an attorney fee award where the district court improperly calculated the award); *see also Lenz*, 1989-NMSC-067, ¶¶ 20, 22, 24-25 (remanding for a new hearing on the issue of attorney fees in a claim under Section 48-2-9, where the record was insufficient to allow for appellate review of the reasonableness of the

attorney fee award, and to what extent the award had been based on the defense of counterclaims and other issues collateral to the lien issue).

**{18}   IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**