This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38229**

**CITY OF ROSWELL,**

Plaintiff-Appellee,

v.

**FRANK LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Court Judge**

Parker W. Patterson, Deputy City Attorney
Roswell, NM

for Appellee

Frank Lucero
Roswell, NM

Pro Se Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant, who is self-represented, appeals his convictions for several City of Roswell traffic offenses. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

### Issue 1

**{2}** Defendant has abandoned this issue. *See State v. Johnson*, 1988 -NMCA- 029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary

calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

**Issue 2**

**{3}**    Defendant continues to claim that the district court did not independently consider various motions that had been initially raised in the municipal court, and should have been addressed again in his de novo appeal. [MIO 1] *See generally City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶¶ 2, 9, 12, 311 P.3d 446 (holding that, in order to ensure that constitutional and procedural safeguards are duly enforced in the lower courts, the district courts are required to review the merits of potentially dispositive pretrial motions that are brought before them on appeal from courts not of record, and to consider facts as initially raised in the lower court).

**{4}**    It appears from the record that the district court denied Defendant's speedy trial motion prior to remanding for consideration of competency, and the record does not indicate that the district court departed from the facts that were before the municipal court. [RP 148-49] With respect to any due process and discovery claims, the record indicates that the district court considered the municipal court proceedings and concluded that they did not establish that Defendant's motions warranted relief. [RP 216, 259] Therefore, we conclude that the district court's rulings were not inconsistent with *Piñon-Garcia*.

**Issue 3**

**{5}**    Defendant continues to claim that the district court erred with respect to testimony regarding the speed measuring device. [MIO 3] Defendant has not established error with respect to any evidentiary basis for admitting the testimony. To the extent that he is suggesting the district court was locked in to any prior ruling it made, the court was free to reconsider this ruling, and in this case the court had merely taken the matter under advisement previously. [RP 320] *See Melnick v. State Farm Mut. Auto Ins. Co.*, 1988-NMSC-012, ¶ 5, 106 N.M. 726, 749 P.2d 1105 ("A trial court has the inherent authority to reconsider its interlocutory orders[.]") .

**Issue 4**

**{6}**    Defendant continues to claim that the district court erred in excluding Judge Hudson as a witness. [MIO 4] Defendant wished to call Judge Hudson to support his claim that his MVD records did not satisfy statutory requirements for record keeping. [MIO 4] Defendant was able to challenge the validity of the records based on the records themselves and the statutory requirements, and he has not established that the judge has singular knowledge that would make him necessary as a witness. Accordingly, we do not believe that he has shown that the district court abused its discretion in excluding this witness. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 (stating that "[w]e review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse").

**Issue 5**

**{7}** Defendant challenges the admission of an MVD records packet. [MIO 6] We conclude that the records were admissible under the public records exception to the hearsay rule, Rule 11-803(8)(a) NMRA, and our rules governing authentication. *See* Rule 11-901(B)(7) NMRA; *State v. Blakley*, 1977-NMCA-088, ¶ 28, 90 N.M. 744, 568 P.2d 270 (ruling that certified public records concerning the revocation of the defendant's driver's license were admissible).

**Issue 6**

**{8}** Defendant's docketing statement challenged the constitutionality of the mandatory financial responsibility ordinance because it has no decretal language. [DS 16] Defendant has cited no authority to support this claim, and we presume there is none. *See McNeill v. Rice Eng'g & Operating, Inc.*, 2010-NMSC-015, ¶ 11, 148 N.M. 16, 229 P.3d 489 (stating that where parties fail to cite authority for their legal propositions, appellate courts "will presume that no such authority exists").

**{9}** For the reasons set forth above, we affirm.

**{10}  IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**BRIANA H. ZAMORA, Judge**